IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**STEVEN WESLEY WEBB AND STEPHANIE AULTMAN WEBB**   **PLAINTIFFS**

VS.   CIVIL ACTION NO. 3:24-cv-753-DPJ-ASH

**THE CITY OF PEARL, MISSISSIPPI,
PEARL POLICE DEPARTMENT AND
MICHAEL HOLLINGSWORTH in his official capacity,
JOHN DOES 1-5 in their official capacity**   **DEFENDANTS**

## COMPLAINT
### (JURY TRIAL DEMANDED)

COMES NOW Plaintiffs, Steven Webb and Stephanie Webb, and files this Complaint against the City of Pearl and as grounds therefore would show and allege the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the federal constitutional claims and the Mississippi civil claims in the matter pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

### NOTICE OF CLAIM

1. On or about August 15, 2024, Plaintiffs hand delivered a letter to the Pearl City Clerk providing the requisite notice under Miss. Code Ann. § 11-46-11.

### PARTIES

2. Plaintiff Steven Wesley Webb is an adult resident citizen of Rankin County, Mississippi.

3. Plaintiff Stephanie Aultman Webb is an adult resident citizen of Rankin County, Mississippi.

1

4. Defendant City of Pearl, Mississippi (hereinafter referred to as "the City"), is a municipality within this State also located in Rankin County, Mississippi. The City may be served with process at 2420 Old Brandon Road, Pearl, Mississippi 39208 through its duly elected mayor or the city clerk.

5. Defendant Pearl Police Department is a governmental entity that may be served with process at 2561 Old Brandon Road, Pearl, Mississippi 39208 through its Chief of Police or the City Clerk.

6. Defendant Michael Hollingsworth, in his official capacity, is and was at all relevant times an employee of the City of Pearl as an Investigator with the Pearl Police Department located in Pearl, Mississippi. Defendant may be served with process wherever he may be found.

7. John Does 1-5 are, in their official capacities, upon information and belief, employees of the City of Pearl in various capacities with the Pearl Police Department located in Pearl, Mississippi, and may be served with process wherever they can be found.

## RELEVANT FACTS

8. The Webbs were long time residents of the City of Pearl, Mississippi in Rankin County.

9. Steven Webb was a well-respected pastor and employee of the Pearl Public School District. Stephanie Webb kept children in their home.

10. On or about August 25, 2023, Defendants, through its employees, caused an arrest warrant to issue for the Plaintiffs based on the presentation of false testimony and in reckless disregard for the truth. The Plaintiffs were arrested without probable cause.

11. On or about August 25, 2023, Detective Michael Hollingsworth, while employed by the City of Pearl at the Pearl Police Department and acting within the course and scope of his employment under color of law, gave a sworn statement that Steven Wesley Webb and Stephanie Aultman Webb "did intentionally, unlawfully, and feloniously permit the *continuing* physical or sexual abuse of a child." Exhibit A, Affidavit of Hollingsworth as to Stephanie Webb; Exhibit B, Affidavit of Hollingsworth as to Steven Webb.

12. Prior to giving his sworn statement, Investigator Hollingsworth and John Does conducted an interview with the alleged minor victim who clearly *did not* report continuing abuse. Rather, audio recording of the alleged victim's statement very clearly indicated, once the Webbs were made aware of the abuse, the abuse stopped.

13. Instead of gathering evidence and presenting the matter to an independently assembled grand jury, Investigator Hollingsworth opted to completely disregard the minor victim's statements and recklessly presented scant, uncorroborated, and false testimony to a Municipal Judge who then issued warrants for the Webbs' arrests.

14. Based on the recklessly given false statements by Detective Michael Hollingsworth, the Municipal Judge for the City of Pearl issued a warrant for the arrest of Mr. and Mrs. Webb. Rather than contacting the Webbs, who are longtime residents of Pearl and easily located, and arrange for their surrender with counsel, Hollingsworth arrested the Webbs on a Friday.

15. The Webbs were transported to Rankin County Detention Center where they were booked and photographed.

16. Due to the knowing and recklessly given false statements, the Webbs were arrested on a Friday, spent five (5) days in jail, endured social humiliation, loss of employment, and emotional distress along with substantial legal fees and expenses.

17. The Webbs were given a bond of $250,000.00 each.

18. Once the Webbs were arrested, the charges as stated in the false affidavit along with photographs of the Webbs' were recklessly and without regard to the Webbs' rights published by unknown Pearl City and or Pearl Police Department employees on the Police Department's Facebook page and in a statement released to the media. That post and media statement was then circulated throughout local and regional news agencies and social media.

19. The Webbs were quickly excoriated in the community. As a result of the false allegations which were distributed by the Defendants for public consumption, Mr. and Mrs. Webb lost their employment and sources of income.

20. Following their arrest, a preliminary hearing was held on September 12, 2023, for both Steven and Stephanie Webb. At the hearing, Investigator Hollingsworth testified under oath that, at the time he swore to the affidavits charging the Webbs, he had no information that the crime with which the Webbs were charged had been committed, *i.e. continuing abuse*. The Court dismissed the charges citing the absence of probable cause. Exhibit C, Order of Dismissal as to Stephanie Webb; Exhibit D, Order of Dismissal as to Steven Webb. The harm caused to the Webbs, however, was complete and the dismissal did not restore them or make them whole.

21. The City of Pearl through its employees, those named and John Does, in their official capacities, while acting within the course and scope of employment, under the color of

law, and with reckless, knowing blatant disregard for the truth, caused the Webbs to be arrested for a salacious crime which resulted in substantial damages for which the Webbs seek to be compensated, all in violation of the Fourth and Fourteenth Amendment of the United State Constitution and state laws. Plaintiffs seek monetary and punitive damages in an amount to be determined by a jury, for the actions and inactions of the Defendants.

### CLAIM ONE:
### VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION – MALICIOUS PROSECUTION

22. Plaintiffs here by reaffirm, reiterate and incorporate by reference each and every allegation contained within paragraphs 1-22 as if fully recited herein and further states as follows:

23. The Fourth Amendment of the United States Constitution prohibits searches and seizures of an individual without probable cause. U.S. Const. amend IV. This right was clearly established at the time of Plaintiffs' arrest.

24. Defendant Hollingsworth, acting under the color of state law recklessly violated Plaintiffs' constitutional rights including those enumerated under 42 U.S.C. 1942, and those set forth above by recklessly including false information in his affidavit for arrest including that the minor had disclosed sexual abuse continued after the Webbs were notified.

25. Defendant Hollingsworth, acting under the color of state law recklessly violated Plaintiffs' constitutional rights including those enumerated under 42 U.S.C. 1942, and those set forth above by recklessly excluding true and accurate information in his

affidavit for arrest including that the minor's explanation that the abuse stopped after the Webbs were notified.

26. Defendant Hollingsworth and John Does 1-5, acting under the color of state law recklessly violated Plaintiffs' constitutional rights including those enumerated under 42 U.S.C. 1942, and those set forth above by exhibiting reckless indifference to the criminal investigation of Plaintiffs' by ignoring or failing to collect evidence that would indicate Plaintiffs' innocence.

27. Defendants through its employees' actions within the course and scope of their employment and under the color of law, caused criminal proceedings to be instituted against the Webbs without probable cause.

28. The unconstitutional proceedings initiated by Investigator Hollingsworth and John Does 1-5, employees of the Pearl Police Department, caused the unlawful seizure and wrongful imprisonment of the Webbs who spent five (5) days in jail.

29. The Webbs were given an exorbitant bond of $250.000.00 each.

30. The criminal proceedings were initiated by Hollingsworth and John Does 1-5 with reckless disregard for the truth and the Webbs' constitutional rights, while acting within the course and scope of employment with the City and Pearl Police Department.

31. The Webbs lived under the scrutiny of the Defendants and the community for nearly a month before the criminal proceedings were ultimately terminated in the Webbs' favor after the charges were dismissed following a preliminary hearing wherein the County Court Judge held that there was no probably cause for the arrest.

32. The Webbs suffered substantial and considerable actual damages for the constitutional violations and violations of state law.

**CLAIM TWO:**
**VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION – FALSE ARREST**

33. Plaintiffs here by reaffirm, reiterate and incorporate by reference each and every allegation contained within paragraphs 1-33 as if fully recited herein and further states as follows:

34. The Fourth Amendment of the United States Constitution prohibits seizures of an individual without probable cause. U.S. Const. amend IV. This right was clearly established at the time of Plaintiffs' arrest.

35. Defendants, through its employees, acting within the course and scope of employment under the color of law, caused the Webbs to be unlawfully seized without probable cause.

36. The unconstitutional seizures initiated by Investigator Hollingsworth and John Does 1-5, all while acting within the course and scope of employment, caused the unlawful seizure and wrongful imprisonment of the Webbs who spent five (5) days in jail.

37. The unlawful seizure of the Plaintiffs was secured with a sworn statement made by Investigator Hollingsworth who acted in reckless disregard of the truth and the Webbs' constitutional rights.

38. Investigator Hollingsworth could not have reasonably believed there was probable cause to support the sworn statements because the affidavits were made, and arrest warrants sought based on several interviews with the alleged minor victim/witness wherein the minor victim/witness plainly contradict Hollingsworth's sworn statements.

(i.e. Minor victim reported that, once the Webbs knew about abuse, the abuse stopped. Hollingsworth's sworn statement was that the abuse continued).

39. The Plaintiffs would not have been unlawfully seized without Hollingsworth's sworn and recklessly false statements.

40. Based on Hollingsworth's sworn statements, the Plaintiffs were wrongfully arrested and were each given an exorbitant $250,000.00 bond and incurred legal fees. The Webbs suffered substantial and considerable actual damages.

### CLAIM THREE:
### VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION – DUE PROCESS

41. Plaintiffs here by reaffirm, reiterate and incorporate by reference each and every allegation contained within paragraphs 1-41 as if fully recited herein and further states as follows:

42. Plaintiffs have a right under the Fourteenth Amendment of the United States Constitution to be free from search and seizure based on police misconduct or false allegations and to be free from the loss of liberty without due process. U.S. Const. amend XIV. These rights were clearly established in 2023 at the time the Plaintiffs were unlawfully arrested and detained.

43. As a result of Defendants' conduct, all under the color of law, Plaintiffs were deprived of their constitutional right to due process guaranteed under the 14th Amendment to the United State Constitution.

44. Given the negligent and reckless investigation conducted by Hollingsworth and John Does 1-5, the Webbs were denied the opportunity to present evidence that could have avoided the very public arrest for salacious criminal charges, being held unlawfully in

jail, being excoriated in the community, being labeled abusers of a minor, and losing their livelihoods.

45. The unlawful arrest and detention of Plaintiffs was based on false allegations of wrongdoing. Specifically, Investigator Hollingsworth, while acting within the course and scope of his employment and under color of law, swore affidavits that alleged the Plaintiffs permitted continuing abuse of a child. This allegation was contradicted by the victim/witness during Hollingsworth's reckless and minimal investigation prior to the issuance of warrants. In other words, Hollingsworth's acted in reckless disregard of the truth and caused the arrests of Plaintiffs in violation of their rights under the Fourteenth Amendment of the Constitution.

46. Plaintiffs were never interviewed prior to their arrest. The warrants were issued based on a faulty, insufficient, negligent, and reckless investigation that included only interviews of the minor female victim—by Investigator Hollingsworth and John Does 1-5.

47. As a result of Defendants' conduct, the Plaintiffs have suffered substantial and considerable actual damages.

## COUNT FOUR:
## STATE LAW MALICIOUS PROSECUTION

48. Plaintiffs here by reaffirm, reiterate and incorporate by reference each and every allegation contained within paragraphs 1-48 as if fully recited herein and further states as follows:

49. The Defendants, through employees, acting within the course and scope of employment under color of law, instituted criminal proceedings against Plaintiffs.

50. The criminal proceedings terminated in the Plaintiffs' favor when the charges were dismissed by the County Court Judge citing lack of probable cause at a preliminary hearing nearly a month after the arrests.

51. The Defendants acted with reckless disregard of the Plaintiffs' rights to be free from illegal seizure. As held by the Court at the preliminary hearing, there was no probable cause to arrest Plaintiffs for the crime of permitting continuing abuse of a child.

52. The Plaintiffs suffered actual and substantial harm from the institution and prosecution of unfounded criminal charges.

## COUNT FIVE:
## STATE LAW FALSE ARREST

53. Plaintiffs here by reaffirm, reiterate and incorporate by reference each and every allegation contained within paragraphs 1-53 as if fully recited herein and further states as follows:

54. The Defendants, acting within the course and scope of employment and under the color of law, detained Plaintiffs and their detention was unlawful as it was not supported by probable cause.

55. The Defendants arrested Plaintiffs on August 25, 2023. Plaintiffs were physically detained in county jail for five (5) days. They were released on bond and held under the stigma of the salacious crimes and under scrutiny by Defendants, until a preliminary hearing was held on or about September 12, 2023. At the preliminary hearing, the charges were dismissed by the County Court Judge after the Court found the absence of probable cause.

56. As a result of the unlawful detention based on recklessly false statements, Plaintiffs suffered actual and substantial damages.

## COUNT SIX:
## PUNITIVE DAMAGES

57. Plaintiffs here by reaffirm, reiterate and incorporate by reference each and every allegation contained within paragraphs 1-57 as if fully recited herein and further states as follows:

58. All Defendants, jointly and severally, acted in a blatant manner with recklessness disregard for the life and safety of the Plaintiffs.

59. The conduct of Defendants needs to be deterred and punished severely. Each Defendant should, therefore, be held liable for attorneys' fees, under both Federal and State law, including common law.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for relief as follows:

1. A judgment, jointly and severally, against all Defendants on each cause of action in a fair and reasonable amount for compensatory damages;
2. A trial by jury;
3. An award of punitive damages;
4. An award of attorneys' fees under both State and Federal law for violations of the Plaintiffs' civil rights;
5. Pre and post judgment interest;
6. Court costs and expenses of this action; and,
7. Any and all other relief or damages applicable to the facts of this matter or that the Court deems fitting and proper.

Respectfully submitted,

*[signature]*

ROBERT F. LINGOLD, JR.
CAMERON L. BENTON
ATTORNEYS FOR PLAINTIFFS

PREPARED BY:

ROBERT F. LINGOLD, JR, (MSB # 99620)
CAMERON L. BENTON (MSB #101207)
RINGER, LINGOLD & SPENCER
115 EAST MAIN STREET
P.O. BOX 937
FLORENCE, MS 39073
(601)845-5050/FAX (601) 845-5060
EMAIL: robert@lingoldspencer.com